UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO OSMOND FAHIE,<br><br>    Plaintiff,<br><br>    v.<br><br>IRONWOOD STATE PRISON, et al.,<br><br>    Defendants. | Case No. ED CV 17-2360-PSG (SP)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

## I.

## **<u>INTRODUCTION</u>**

On October 12, 2017, plaintiff Antonio Osmond Fahie, a California state prisoner proceeding pro se and in forma pauperis, filed a civil rights complaint in the United States District Court for the Southern District of California pursuant to 42 U.S.C. § 1983. The case was transferred to this court on November 20, 2017. Plaintiff alleges medical staff at Ironwood State Prison have refused to give him proper medical treatment and medication in violation of the Eighth Amendment.

The Complaint names up to four defendants: Ironwood State Prison; Neil

1 | McDowell, Warden; Vache Chakmakian, M.D.; and J. Michael Lee, Chief Medical
2 | Doctor.  The Complaint names Chakmakian and Lee in their official capacity only.
3 |     After careful review and consideration of the allegations of the Complaint
4 | under the relevant standards, the court finds for the reasons discussed hereafter that
5 | it is subject to dismissal.  But the court grants plaintiff leave to amend, as discussed
6 | below.

## II.
## ALLEGATIONS OF THE COMPLAINT

Plaintiff has a permanent right drop foot, lumbosacral degenerative disc disease post lumbar fusion, gait dysfunction, and lumbar myofascial pain syndrome.  On April 8, 2013, Dr. J. Michael Lee removed plaintiff's Ankle and Foot Orthoses ("AFO") brace off of his chrono.  Plaintiff's chrono on October 24, 2012 showed Lee had his AFO brace on it.  Plaintiff then told Dr. Vache Chakmakian to put the AFO brace back on his chrono but he never did.  Chakmakian took plaintiff of the high risk medical list.  After plaintiff was removed off the list in Sacramento, Chakmakian put him back on the list again.  But there was damage from 2016.

Chakmakian has plaintiff's medical records that say he does not have any disability.  So when Lee sees the file, he does not see plaintiff has a serious medical need.  Plaintiff filed a complaint against Chakmakin for filing false medical reports about plaintiff's condition and for removing his AFO brace off the chrono.  Chakmakian put the brace back on his chrono and removed it again.

Chakmakian plays these medical games so he does not have to give plaintiff pain medication as requested for treatment.  The filing of false medical documents caused plaintiff to suffer pain for over three years now.  Plaintiff cannot sleep because of the pain and cannot lie on his sides due to the continuous pain all day and all night.

Plaintiff asked Chakmakian to move him to a medical facility so plaintiff

2

could get proper medical treatment.  Chakmakian told plaintiff the treatment would be the same wherever he went.

Each time plaintiff went to see Chakmakian about his lower back pain and nerve damage, Chakmakian gave him the same medication that does not help him deal with the pain.  Chakmakian says this is all he can do for plaintiff.  He keeps sending plaintiff to see a specialist but refuses to follow what the specialist requested and lets plaintiff suffer on his own.

Chakmakian gives plaintiff pain medication that he knows does not treat the condition plaintiff has been suffering from for the last nine years.  Instead of sending the medication request from the pain management to Lee to be approved, Chakmakian takes it upon himself not to send the request to Lee and denies the medication on his own.  Chakmakian is not a pain management specialist.  When the pain management order comes and Chakmakian does not follow it, he puts plaintiff through cruel and unusual punishment.  Chakmakian is making decisions on his own when he is supposed to send the pain management to Lee to be approved or denied.  But he refuses to give him the proper medical treatment and the shot pain management requested.  He chooses on his own to give plaintiff over-the-counter medication for his chronic pain condition.

As of October 2017, Chakmakian still has plaintiff down as not having an AFO brace, no right drop foot, and no ankle brace.  Plaintiff requests monetary damages and injunctive relief, namely that he be moved to a medical facility to get proper medical treatment for his back pain.

### III.

### **LEGAL STANDARDS**

The Prison Litigation Reform Act obligates the court to review complaints filed by all persons proceeding in forma pauperis, and by prisoners seeking redress from government entities.  *See* 28 U.S.C. §§ 1915(e)(2), 1915A.  Under these

provisions, the court may sua sponte dismiss, "at any time," any prisoner civil rights action and all other in forma pauperis complaints that are frivolous or malicious, fail to state a claim, or seek damages from defendants who are immune. *Id.*, *see also Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

The dismissal for failure to state a claim "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In making such a determination, a complaint's allegations must be accepted as true and construed in the light most favorable to the plaintiff. *Love v. U.S.*, 915 F.2d 1242, 1245 (9th Cir. 1990). Further, since plaintiff is appearing pro se, the court must construe the allegations of the complaint liberally and must afford plaintiff the benefit of any doubt. *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Nonetheless, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Thus, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads enough factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

## IV.

## **DISCUSSION**

**A.     The Complaint Does Not Unambiguously Identify the Defendants and Fails to Allege Facts Implicating Two Potential Defendants**

Rule 10(a) of the Federal Rules of Civil Procedure requires that each defendant be named in the caption of the complaint. A complaint is subject to dismissal if "one cannot determine from the complaint who is being sued, [and] for

4

what relief . . . ." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).

Here, plaintiff named Ironwood State Prison and Warden McDowell as defendants in the caption, but does not include either of them in the body of the complaint. In the body of the complaint under the list of parties, plaintiff lists only defendants Vache Chakmakian and J. Michael Lee. The court is unable to determine whether plaintiff in fact intended to name Ironwood State Prison and Warden McDowell as defendants.

And indeed, it appears likely plaintiff did not intend to name either Ironwood State Prison or Warden McDowell as defendants, since the Complaint alleges no facts against them. "In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation: there is no respondeat superior liability under section 1983." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (citations omitted). Thus, even if plaintiff intended to name them as defendants, the Complaint fails to state a claim against Ironwood State Prison or McDowell.

If plaintiff decides to include any or all of these as defendants in a First Amended Complaint, he must clarify exactly who the defendants are; at a minimum, the caption and body of the complaint must agree. And he must allege facts sufficient to state a claim against each named defendant.

**B.** **The Claims Against Ironwood State Prison and the Claims for Damages Against Defendants in Their Official Capacity Are Barred by State Sovereign Immunity Under the Eleventh Amendment**

Plaintiff names defendants Chakmakian and Lee in their official capacity only. The Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); *see also Brandon v. Holt*, 469 U.S. 464, 471-72, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985); *Larez v. City*

of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is *not* a suit against the official personally, for the real party in interest is the entity." *Kentucky v. Graham*, 473 U.S. at 166.

Ironwood State Prison is a California State Prison, and the employees who work there are all employees of the California Department of Corrections and Rehabilitation ("CDCR"), or, ultimately the State of California. Although the Complaint does not clearly specify where Chakmakian and Lee work, at a minimum it is clear they are CDCR employees. Thus, as to both Ironwood State Prison and defendants Chakmakian and Lee as named in their official capacity, the real party in interest is the State of California.

The Eleventh Amendment provides that the "judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI. The Eleventh Amendment bars federal jurisdiction over suits by individuals against a State and its instrumentalities, unless either the State unequivocally consents to waive its sovereign immunity or Congress abrogates it. *Belanger v. Madera Unified Sch. Dist.*, 963 F.2d 248, 250 (9th Cir. 1992); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984). While California has consented to be sued in its own courts pursuant to the California Tort Claims Act, such consent does not constitute consent to suit in federal court. *See BV Eng'g v. Univ. of Cal., Los Angeles*, 858 F.2d 1394, 1396 (9th Cir. 1988); *see also Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241, 105 S. Ct. 3142, 87 L. Ed. 2d 171 (1985) (holding that Art. III, § 5 of the California Constitution did not constitute a waiver of California's Eleventh Amendment immunity). Furthermore, Congress did not abrogate State sovereign immunity against suits under 42 U.S.C. § 1983. *Quern v. Jordan*, 440 U.S. 332, 341-42, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (1979).

Accordingly, plaintiff's suit for damages against defendants in their official capacity is barred by the Eleventh Amendment. *See Edleman v. Jordan*, 415 U.S. 651, 663, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974) (barring claims against certain state officials under the Eleventh Amendment because "[w]hen the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants" (citation omitted)). Any claim against Ironwood State Prison is likewise barred.

The Complaint states plaintiff seeks injunctive relief – namely, transfer to a medical facility – as well as damages. Plaintiff's claim for injunctive relief against any defendant in his or her official capacity is not barred by the Eleventh Amendment. Under *Ex Parte Young*, prospective relief against a state official in his or her official capacity (as opposed to the state itself or one of its departments or agencies) is not barred by the Eleventh Amendment. *See Milliken v. Bradley*, 433 U.S. 267, 289, 97 S. Ct. 2749, 53 L. Ed. 2d 745 (1977); *Ex Parte Young*, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908).

Thus, while plaintiff's claim against Ironwood State Prison and his claim for damages against defendants in their official capacity is barred under the Eleventh Amendment, it is possible plaintiff could obtain injunctive relief against defendants Chakmakian and Lee in their official capacity. But for the reasons discussed next, plaintiff has not stated a claim at all, and certainly not a claim that would warrant transfer to a medical facility.

**C. The Complaint Does Not State a Claim for Deliberate Indifference to Medical Needs**

Since the Complaint only alleges facts against Lee and Chakmakian, and since those defendants are named only in their official capacity, it is effectively subject to dismissal in its entirety due to sovereign immunity. But even if plaintiff

had named defendants Lee and Chakmakian in their individual capacity, the Complaint still fails to state a claim.

Plaintiff seeks to bring a claim for inadequate medical care and pain treatment. Allegations of inadequate medical treatment by prison officials only give rise to a civil rights claim under the Eighth Amendment if a plaintiff can show that the defendants acted with "deliberate indifference to [his] serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citation and quotation marks omitted).

First, the plaintiff must establish a "serious medical need by demonstrating that [the] failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Id.* (internal citation and quotation marks omitted). Second, the plaintiff must show that the defendants' response to the medical need was deliberately indifferent. *Jett*, 439 F.3d at 1096. Deliberate indifference can be shown when "prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (internal citation and quotation marks omitted). But "[m]ere indifference, negligence, or medical malpractice will not support this cause of action." *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (citation and internal quotation marks omitted). "A defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established." *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled in part on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997).

Plaintiff appears to have alleged facts showing a serious medical need, namely, his various medical conditions including his permanent right drop foot, lumbosacral degenerative disc disease post lumbar fusion, gait dysfunction, and lumbar myofascial pain syndrome. But whether plaintiff has alleged facts showing

deliberate indifference by any defendant is a closer question.  Plaintiff has not alleged facts suggesting any defendant ignored or failed to respond to his pain.  He alleges Chakmakian makes decisions on his own about plaintiff's medication instead of sending medication requests to Lee.  But he still alleges Chakmakian is giving him pain medication; plaintiff simply disagrees with the medication choice because it allegedly fails to treat or help his condition.  Although plaintiff alleges Chakmakian knows the medication prescribed would not help him, which would arguably amount to deliberate indifference, such allegation is conclusory.  Plaintiff does not allege any facts to support his claim Chakmakian knew the medications prescribed would not help.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. at 570 (complaint must contain "enough facts to state a claim to relief that is plausible on its face").

Plaintiff complains the medication he receives is over-the-counter, but this by itself is insufficient to show he should receive prescription medication instead.  Plaintiff's disagreement with Chakmakian's medication choice amounts to a difference of opinion as to what medication is appropriate for him.  It is well-established that a difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference to serious medical needs.  *See Toguchi v. Chung*, 391 F.3d 1051, 1059-60 (9th Cir. 2004); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).  Here, plaintiff is not even alleging a difference of opinion between medical professionals, but a difference of opinion between himself and a medical professional.  Moreover, to establish that a difference of opinion amounts to deliberate indifference, the plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances," and "that they chose this course in conscious disregard of an excessive risk to the plaintiff's health."  *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (citations omitted); *see also Jones v.*

9

*Johnson*, 781 F.2d 769, 771 (9th Cir. 1986) ("state prison authorities have wide discretion regarding the nature and extent of medical treatment"). Plaintiff here has not alleged facts suggesting that defendants chose pain relief treatment for him that was medically unacceptable under the circumstances.

Plaintiff also makes allegations regarding being denied a brace at times, but it is unclear if plaintiff is seeking relief based on this. At any rate, as with his pain medication, plaintiff fails to allege facts showing he was denied a brace due to deliberate indifference, as opposed to a difference of medical opinion.

Additionally, plaintiff does not allege any facts to demonstrate Lee participated in any way in denying him pain medication or otherwise exhibited deliberate indifference. Thus, the Complaint does not state a deliberate indifference claim against Lee or Chakmakian.

## V.

## **LEAVE TO FILE A FIRST AMENDED COMPLAINT**

For the foregoing reasons, the Complaint is subject to dismissal. Because the court is unable to determine whether amendment would be futile, leave to amend is granted. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, **IT IS ORDERED THAT**:

1) Within 30 days of the date of this order, or by **April 11, 2018**, plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above. The Clerk of Court is directed to mail plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which plaintiff is encouraged to utilize.

2) If plaintiff chooses to file a First Amended Complaint, plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on

the court-approved form.  The First Amended Complaint must be complete in and of itself, without reference to the original Complaint, or any other pleading, attachment or document.

An amended complaint supersedes the preceding complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  After amendment, the court will treat all preceding complaints as nonexistent.  *Id.*  Because the court grants plaintiff leave to amend as to all his claims raised here, any claim that was raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint.  *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012).

**Plaintiff is cautioned that his failure to timely comply with this Order may result in a recommendation that this action, or portions thereof, be dismissed.**

DATED: March 12, 2018

SHERI PYM
United States Magistrate Judge